**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| **GAIL LOCKWOOD,** | § | **CIVIL ACTION NO. 3:16-cv-965-J-39PDB** |
| **Individually and on Behalf of All** | § | |
| **Others Similarly Situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **COLLECTIVE ACTION** |
| | § | |
| **CIS SERVICES, LLC d/b/a** | § | |
| **CIS ALAMO SERVICES,** | § | |
| **CIS CLAIM SERVICES, LLC** | § | |
| **(f/k/a CIS ALAMO, LLC) d/b/a** | § | |
| **ALAMO CLAIM SERVICE,** | § | |
| **CIS GROUP OF COMPANIES, LLC** | § | |
| **(f/k/a CIS HOLDINGS, LLC),** | § | |
| **CIS GROUP, LLC (f/k/a NORTH** | § | |
| **AMERICAN COMPASS INSURANCE** | § | |
| **SERVICES GROUP, LLC)** | § | |
| **d/b/a CIS GROUP OF COMPANIES,** | § | |
| **CIS ALAMO HOLDINGS, LLC,** | § | |
| **CIS SPECIALTY CLAIM SERVICES,** | § | |
| **LLC (f/k/a CIS KDC, LLC) d/b/a** | § | |
| **KD CONSULTING & APPRAISAL,** | § | |
| **CORNERSTONE APPRAISAL** | § | |
| **SERVICES, LLC d/b/a** | § | |
| **CORNERSTONE, LLC A CIS** | § | |
| **GROUP OF COMPANIES,  And** | § | |
| **MICHAEL E. STANLEY,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' (PARTIALLY OPPOSED) MOTION
FOR APPROVAL OF ATTORNEYS' FEES, COSTS, AND LITIGATION EXPENSES**

# TABLE OF CONTENTS

COVER PAGE...........................................................................................................i

TABLE OF CONTENTS.......................................................................................ii

TABLE OF AUTHORITIES ...............................................................................iii

TABLE OF EXHIBITS ......................................................................................viii

    I.       INTRODUCTION (RESULTS ACHIEVED BY PLAINTIFFS' COUNSEL) ............1

    II.      THE REQUESTED FEE IS REASONABLE ...........................................................2

        A.  The Settlement is Fair and Reasonable ...................................................................2

        B.  FLSA Mandates Award of Reasonable Fees .........................................................2

        C.  Plaintiffs To Be Fully Compensated, An Extraordinary Result ..............................3

        D.  Parties Agree Class Counsel Entitled to Recover Reasonable Fees and Costs........4

        E.  Lodestar Analysis of Class Counsel's Requested Dees .........................................4

        F.  The *Johnson* Factors ............................................................................................5

            1.   Reasonable hours expended over two-plus years (Factors 1 &11)..............5

            2.   Reasonable hourly rates charged (Factors 3, 5 & 9)..................................6

            3.   The extraordinary results achieved (Factor 8) ........................................9

            4.   The contingent nature of the fee (Factors 6 &10)....................................10

            5.   Similar fees/awards (Factors 5 & 12) ......................................................11

            6.   The novel and difficult questions involved and time and skills required (Factors 1-4, 7 & 9)...................................................................................11

    III.    LITIGATION EXPENSES AND TAXABLE COSTS ALSO RECOVERABLE......13

        A.  Taxable Costs......................................................................................................13

            1.   Filing fees and service of process ...........................................................13

            2.   Deposition and hearing transcripts...........................................................14

            3.   Copies necessarily obtained for use in the case .......................................14

         B.  Reasonable Litigation Expenses .........................................................................15

            1.   Travel and lodging expenses....................................................................16

            2.   Class administration and other expenses ..................................................17

            3.   Mediation fees.........................................................................................17

    IV.    CONCLUSION.................................................................................................17

# TABLE OF AUTHORITIES

## Cases

*ACLU of Ga. v. Barnes*,
    168 F.3d 423 (11th Cir. 1999) ..................................................................6

*Alonso v. Ocean CC, LLC*,
    2017 U.S. Dist. LEXIS 46661, at *10-11 (S.D. Fla. Mar. 28, 2017)................9

*Behrens v. Wometco Enterprises, Inc.*,
    118 F.R.D. 534, 547, 548 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990) .............10

*Bivins v. Wrap It Up, Inc.*,
    548 F.3d 1348, 1350 (11th Cir. 2008) .............................................5

*Blum v. Stenson*,
    465 U.S. 866, 895 (1984)..........................................................7

*Bonetti v. Embarq Mgmt. Co.*,
    715 F. Supp. 2d 1222, 1227 n. 6, 1228 (M.D. Fla. 2009)...............................3, 4

*Brooks v. Georgia State Bd. Of Elections*,
    59 F.3d 1114, 1120 (11th Cir. 2008) ..............................................7

*Cappeletti Bros. Inc. v. Broward County*,
    754 F. Supp. 197, 198 (S.D. Fla. 1991) .........................................15

*Carruega v. Steve's Painting, Inc.*,
    2017 U.S. Dist. LEXIS 124535, at *8 (M.D. Fla. Aug. 7, 2017) .....................9

*Casey v. City of Cabool*,
    12 F.3d 799, 805 (8th Cir. 1993) ..............................................7

*Cotton v. Hinton*,
    559 F.2d 1326, 1331 (5th Cir. 1977) ............................................2

*Desisto College, Inc. v. Town of Howey-In-The-Hills*,
    718 F. Supp. 906, 913 (M.D. Fla., 1989), *aff'd* 914 F.2d 267 (11th Cir. 1990)................14

*Dowdell v. Apopka*,
    698 F.2d 1181, 1188-89, 1191-92 (11th Cir. 1983)....................................15, 16

*Ela v. Destefano*,
    869 F.3d 1198, 1203 (11th Cir. 2017) ............................................5

*Elkins v. Equitable Life Ins. Co.*,
    1998 U.S. Dist. LEXIS 1557, at \*102 (M.D. Fla. Jan. 27, 1998) ...................................8

*Fairley v. Patterson*,
    493 F.2d 598, 607 n.11 & n.17 (5th Cir. 1974) ...............................................15

*Goldberger v. Integrated Res., Inc.*,
    209 F.3d 43, 54 (2d Cir. 2000)...................................................................10

*Hensley v. Eckhart*,
    461 U.S. 424, 433, 435, 436, 437 (1983)...............................................3, 5, 9

*In re Enron Corp. Sec. Derivatives & ERISA Litig.*,
    586 F. Supp. 2d 732, 753, 791 (S.D. Tex. 2008) ........................................6, 10

*In re Ricoh Co. Patent Lit.*,
    661 F.3d 1361, 1370 (Fed. Cir. 2011)...........................................................14

*James v. Wash Depot Holdings, Inc.*,
    489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007) ...................................................9

*Jeffboat, LLC v. Dir., Office of Workers' Comp. Programs*,
    553 F. 3d 487, 490 (7th Cir. 2009) ................................................................7

*Jones v. Central Soya Co.*,
    748 F.2d 586, 591 (11th Cir. 1984) ...............................................................8

*Johnson v. Georgia Highway Express, Inc.*,
    488 F.2d 714, 717-19 (5th Cir. 1974) .................................................5, 11, 13

*Johnson v. Univ. Coll. of Univ. of Ala.*,
    706 F.2d 1205, 1208 (11th Cir. 1983) ..........................................................16

*Kenny A. ex rel. Winn v. Perdue*,
    532 F.3d 1209, 1220 (11th Cir. 2008) .............................................................7

*Kreager v. Solomon & Flanagan, P.A.*,
    775 F.2d 1541, 1542 (11th Cir. 1985) .............................................................2

*Leverso v. SouthTrust Bank of Ala. Nat. Ass'n.*,
    18 F.3d 1527, 1531 n.6 (11th Cir. 1994) .........................................................4

*Lucas v. Kmart Corp.*,
    2006 U.S. Dist. LEXIS 51420, at \*13 (D. Colo. July 27, 2006)..........................7

*Lynn's Food Stores, Inc. v. United States*,
  679 F.2d 1350, 1354 (11th Cir. 1982) ............................................................2

*Menchise v. Akerman Senterfitt*,
  532 F.3d 1146, 1153 (11th Cir. 2008) ............................................................3

*Morrison v. Reichhold Chems.*,
  97 F.3d 460, 465 (11th Cir. 1996) ...............................................................14

*Nall v. Mal-Motels, Inc.*,
  723 F.3d 1304, 1306, 1307 (11th Cir. 2013) ...................................................2

*Norman v. Hous. Auth. Of the City of Montgomery*,
  836 F.2d 1292, 1301, 1302, 1304 (11th Cir. 1988) ................................4, 6, 8, 9

*Oden v. Vilsack*,
  2013 U.S. Dist. LEXIS 112464, at *50-51 (S.D. Ala. Aug. 9, 2013)..............15

*Pennsylvania v. Delaware Valley Citizens' Council*,
  483 U.S. 711, 730 (1987)............................................................................8

*Pinto v. Princess Cruise Lines*,
  513 F. Supp. 2d 1334, 1339, 1340, 1342 (S.D. Fla. 2007) ....................9-10, 11

*Resolution Trust Corp. v. Hallmark Builders, Inc.*,
  996 F.2d 1144, 1150 (11th Cir. 1993) ............................................................5

*Ressler v. Jacobson*,
  149 F.R.D. 651, 654, 655, 656 (M.D. Fla. 1992) ......................................8, 10

*Silva v. Miller*,
  307 F. App'x 349, 351 (11th Cir. 2009).........................................................3

*State Farm Fire & Cas. Co. v. King Sports, Inc.*,
  841 F. Supp. 2d 1317, 1319-20 (N.D. Ga. 2012)............................................14

*Tampa Bay Water v. HDR Eng'g, Inc.*,
  2012 U.S. Dist. LEXIS 157631, at *21, 41-43 (M.D. Fla. Nov. 2, 2012) ..............7, 12, 16

*Wales v. Jack M. Berry*,
  192 F. Supp. 2d 1313, 1323-24, 1328, 1329, 1332 (M.D. Fla. 2001)..............11, 15, 16, 17

*Waste Servs. v. Waste Mgmt.*,
  2007 U.S. Dist. LEXIS 102610, at *12 (M.D. Fla. Mar. 30, 2007)...................14

*Wheeler v. Durham City Bd. of Ed.*,
  585 F.2d 618, 623 (4th Cir. 1978) .................................................................16

*Wolff v. Cash 4 Tits.*,
  2012 U.S. Dist. LEXIS 153786, at *14 (M.D. Fla. Sept. 26, 2012) ...................8

*Wolff v. Royal Am. Mgmt.*,
  545 F. App'x 791, 795 (11th Cir. 2013)........................................................2-3

*Zaragoza v. Qoncert, LLC*,
  2014 U.S. Dist. LEXIS 35070, at *21, 22 (M.D. Fla. Feb. 21, 2014) (Barksdale, Mag.)
  ...................................................................................................................6, 11

*Zaragoza v. Qoncert, LLC*,
  2014 U.S. Dist. LEXIS 35073 (M.D. Fla., Mar. 18, 2014) (Howard, J.) ...........6

## **Statutes and Regulations**

28 U.S.C. § 1920....................................................................................13, 14, 15

28 U.S.C. § 1920(1) ........................................................................................14

28 U.S.C. § 1920(4) ........................................................................................14

28 U.S.C. § 1923(a) .........................................................................................15

29 U.S.C. § 216(b) .........................................................................................1, 2

## **Rules**

Fed. R. Civ. P. 26(c). ......................................................................................14

Fed. R. Civ. P. 54(d) .................................................................................15, 16

## **Other**

Billing Rate Survey published by *Texas Lawyer* in 2015...................................8

Charlotte S. Alexander, *"Would An Opt In Requirement Fix The Class Action Settlement? Evidence From The Fair Labor Standards Act,"* 80 Miss. L.J. 443, 462 (2010) ......................1-2

Excerpts of the 2010 Edition of *The Survey of Law Firm Economics*
conducted and published by The National Law Journal and ALM Legal Intelligence ..................9

Excerpts of the 2011 Edition of *The Survey of Law Firm Economics*
conducted and published by The National Law Journal and ALM Legal Intelligence ..............8-9

Frank Strong, *What are the going law firm billing rates by practice area?*,
LexisNexis Business of Law Blog, June 3, 2015..........................................................................8

Florida Bar's *Results of the 2016 Economics and Law Office Management Survey*.................8, 10

Middle District Discovery (2015) at II (D), Non-Stenographic Recording of Depositions ..........14

## **TABLE OF EXHIBITS**

Collective Action Settlement Agreement ..........................................................................Exhibit 1

Declaration of Michael A. Starzyk ...................................................................................Exhibit 2

Lockwood Representation Agreement ...............................................................................Exhibit 3

Starzyk & Associates, P.C.'s Detailed Billing Statements ...............................................Exhibit 4

Florida Bar's *Results of the 2016 Economics and Law Office Management Survey*..........Exhibit 5

Billing Rate Survey published by *Texas Lawyer* in 2015...................................................Exhibit 6

Frank Strong, *What are the going law firm billing rates by practice area?*,
LexisNexis Business of Law Blog, June 3, 2015...............................................................Exhibit 7

Excerpts of the 2011 Edition of *The Survey of Law Firm Economics*
conducted and published by The National Law Journal and ALM Legal Intelligence ......Exhibit 8

Excerpts of the 2010 Edition of *The Survey of Law Firm Economics*
conducted and published by The National Law Journal and ALM Legal Intelligence ......Exhibit 9

Starzyk & Associates, P.C.'s Detailed Costs and Expenses ............................................Exhibit 10

## I.      INTRODUCTION (RESULTS ACHIEVED BY PLAINTIFFS' COUNSEL).

As set forth in the Parties' Joint Motion for Entry of Order Approving Settlement (Doc. 218), the Parties have separately negotiated and reached an arms-length agreement as to Plaintiffs' recovery under the Fair Labor Standards Act ("FLSA") while also agreeing to submit materials to the Court for a determination of a fair and reasonable award of attorneys' fees and costs to be awarded to Plaintiffs' counsel, Starzyk & Associates, P.C. ("Class[1] Counsel").  Ex. 1, *Collective Action Settlement Agreement*; Ex. 2, Declaration of Michael A. Starzyk, ¶¶ 17-19, 22.

The overtime settlement amounts negotiated for the Plaintiffs represent a full recovery of **200% of the unpaid overtime** (i.e., the settlement amount accounts for 100% payment of the unpaid overtime **plus** liquidated damages[2]) for the full three-year FLSA statute of limitations applicable to each Plaintiff.  Ex. 1; Ex. 2, ¶ 20.  The *average* individual overtime settlement payment (*net of requested fees*) will be approximately **$8,154.55**.  *Id.*, ¶ 21.  The median individual overtime settlement amount is $5,938.94 with six individual plaintiffs receiving more than $20,000 each.  *See id.*  Plaintiffs will receive settlement payments that are <u>substantially greater</u> than those received in typical FLSA class actions according to an extensive study of FLSA collective actions. *See* Charlotte S. Alexander, "*Would An Opt In Requirement Fix The Class Action Settlement? Evidence From The Fair Labor Standards Act,*" 80 Miss. L.J. 443 (2010).  The study's author found (based on collective actions filed in the Southern District of Florida between 2003 and 2008 that ended in settlement before trial) the typical FLSA plaintiff recovered only twenty-eight cents for each dollar of loss that he or she suffered.  *Id.* at 462.  Here, Class Counsel indisputably obtained

---

[1] While Plaintiffs acknowledge the technical term is "collective" under the FLSA, for ease of reference the term "class" is often used, as many courts (including this Court) have recognized.  *See* Doc. 97, *Order on Plaintiff's Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b)*.

[2] The FLSA provides for recovery of liquidated damages in an amount equal to their unpaid overtime compensation. 29 U.S.C. § 216(b) ("An employer who violates the provisions of section 206 or 207 of this title shall be liable to the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.").

extraordinary results for the participating class members (compare a median recovery-to-loss ratio of 28% to that here of 100%).  *See id.*

The requested attorneys' fees and cost recovery are supported by Class Counsel having secured a full recovery of the unpaid overtime and liquidated damages, despite a defense by Defendants led by highly-qualified counsel.

## II.    THE REQUESTED FEE IS REASONABLE.

### A.    The Settlement Is Fair and Reasonable.

To foster the FLSA's remedial purpose and to prevent an employer from using its superior bargaining position to take advantage of an employee, the Eleventh Circuit has placed limits on the ability of private parties to settle FLSA cases.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013).  The parties must present their settlement to the court, and the court must scrutinize it for fairness.  *Nall*, 723 F.3d at 1306-07.  A court should presume that a settlement is fair and reasonable.  *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).  If the agreement reflects a fair and reasonable compromise over a disputed issue, the court may approve it to promote the policy of encouraging settlement.  *Lynn's Food*, 679 F.2d at 1354.

### B.    FLSA Mandates Award of Reasonable Fees.

The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant."  29 U.S.C. § 216(b).  Reasonable attorney-fee awards are therefore mandatory for prevailing[3] FLSA plaintiffs.  *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Wolff v. Royal Am.*

---

[3] The Parties agree that "No party shall be deemed the prevailing party for any purpose, **except** that Defendants acknowledge that Plaintiffs are entitled to an award of reasonable attorneys' fees . . ." Ex. 1, ¶ V (B) (emphasis added); *see id.* at ¶ I (C) ("Defendants agree that Class Counsel is entitled to reimbursement of reasonable attorneys' fees and costs under the FLSA.").

*Mgmt.*, 545 F. App'x 791, 795 (11th Cir. 2013) (per curiam) (court "unpersuaded" by defendant's argument plaintiff's counsel not entitled to fees as prevailing party where district court approved settlement of plaintiff's FLSA claims).  "A request for attorney's fees should not result in a second major litigation."  *Hensley v. Eckhart*, 461 U.S. 424, 437 (1983); *see also Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1153 (11th Cir. 2008) (upholding fee award by district court based solely on affidavits in the record).

### C.      Plaintiffs To Be Fully Compensated, An Extraordinary Result.

A court reviews the reasonableness of attorneys' fees to assure both that counsel is compensated adequately and that no conflict of interest influences the amount the employee recovers.  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam) ("FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.").  Here, Plaintiffs' claims will be paid in full.  Ex. 2, ¶¶ 20-21.

The settlement accounts for payment of 100% of both actual and liquidated damages to each Plaintiff for the full three-year time period at issue.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 n. 6 (M.D. Fla. 2009) ("If the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement.").  Defendants, with limited exceptions, did not maintain records of the actual hours worked by each Plaintiff.  *See* Doc. 190 & Exhibits.  Instead, Defendants maintained weekly timesheets which indicate a "1" or ".5" for each day worked.  *Id*.  Plaintiffs typically worked a 10-hour per day schedule.  *Id*.  The only "compromise" made by the Parties in order to reach the proposed settlement is that an approximate one-hour lunch break each day was intended to be unpaid by Defendants.  Plaintiffs agree the settlement amount fully compensates them for all hours worked.  Ex. 1, Recitals; Ex. 2, ¶ 20.

3

**D.**     **Parties Agree Class Counsel Entitled To Recover Reasonable Fees and Costs.**

The determination of reasonableness lies within the sound discretion of the district court. *Norman v. Hous. Auth. Of the city of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). Here, the Parties agree Class Counsel is entitled to reimbursement of reasonable attorneys' fees and costs under the FLSA in an amount to be awarded at the discretion of the Court. Ex. 1, ¶ I (C). The amount of attorneys' fees and costs awarded by the Court will not affect the settlement proceeds paid to Plaintiffs. *Id.*; Ex. 2, ¶ 23. As a material term of the settlement, Defendants have agreed that Class Counsel's billing rates are reasonable and do not object to such billing rates. Ex. 1, ¶ I (C).

There is no evidence of collusion behind the settlement given the arms-length negotiation between sophisticated counsel which resulted in the separately negotiated term that Class Counsel would submit their requested fees and costs to the Court (which shall not affect Plaintiffs' recovery). Ex. 2, ¶¶ 22-23; s*ee Leverso v. SouthTrust Bank of Ala. Nat. Ass'n.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

**E.**     **Lodestar Analysis of Class Counsel's Requested Fees.**

A party may demonstrate the reasonableness of attorneys' fees by either: (1) the lodestar method; or (2) representing that the parties agreed to plaintiffs' attorneys' fees separately and without regard to the amount to paid to settle the plaintiffs' FLSA claims. *See Bonetti*, 715 F. Supp. 2d at 1228. Although Plaintiffs will be fully compensated pursuant to the proposed settlement, a lodestar analysis is appropriate here where the Parties have explicitly agreed to submit such issues to the Court.

The starting point in determining a reasonable fee is to determine the lodestar, or the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate.

*Hensley*, 461 U.S. at 433; *Ela v. Destefano*, 869 F.3d 1198, 1203 (11th Cir. 2017) (citing *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008)).  To determine whether or not the lodestar is reasonable, courts in the Eleventh Circuit consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  *See e.g.*, *Ela*, 869 F.3d at 1203.  "**There is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve**."  *Bivins*, 548 F.3d at 1350 (emphasis added).  While a court should exclude hours that were not reasonably expended, a downward adjustment of the lodestar is warranted "only if the prevailing party was partially successful in its efforts."  *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993) (per curiam); *see Hensley*, 461 U.S. at 433.

### F.    The *Johnson* Factors.

The twelve *Johnson* factors for adjusting the lodestar are:  **(1)** the time and labor required; **(2)** the novelty and difficulty of the question; **(3)** the skill requisite to perform the legal service; **(4)** the preclusion of other employment by the attorney due to the acceptance of the case; **(5)** the customary fee; **(6)** whether the fee is fixed or contingent; **(7)** time limitations imposed by the client or the circumstances; **(8)** the amount involved and the residuals obtained; **(9)** the experience, reputation, and ability of the attorneys; **(10)** the "undesirability" of the case; **(11)** the nature and length of the professional relationship with the client; and **(12)** awards in similar cases.  *Johnson*, 488 F.2d at 717-19.  Each of the *Johnson* factors support the requested fee.

### 1.    Reasonable hours expended over two-plus years (Factors 1 & 11).

Class Counsel commenced work on this matter in January 2016.  Ex. 2, ¶ 14.  This matter has been pending before the Court for more than two years (with more than two hundred docket entries filed).  Doc. 1.  Under their Representation Agreements with Class Counsel, Plaintiffs[4]

---

[4] The individual plaintiffs who joined this action prior to the Notice period each signed like representation agreements with Class Counsel.

explicitly agreed that Class Counsel (if successful in pursuing Plaintiffs' claims) would submit a fee application requesting compensation by the hour (at Class Counsel's prevailing hourly rates) to the Court for approval.  Ex. 3, *Lockwood Representation Agreement*.  Class Counsel seeks recovery for 1,105 hours of attorney work and 405 hours of paralegal work in prosecuting the litigation for more than two years and reaching settlement on the eve of trial.  *See* Ex. 2, ¶¶ 16 (A) – (ZZ).  Class Counsel's detailed billing statements are submitted to the Court for consideration at **Exhibit 4**.

Plaintiffs' lead attorney, Michael A. Starzyk, has also reviewed the billing entries for this matter and exercised billing judgment.  Ex. 2, ¶ 41; *see ACLU of Ga. v. Barnes*, 168 F.3d 423 (11th Cir. 1999); *Norman*, 836 F.2d at 1301 (billing judgment "necessarily mean[s] that the hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel"); *see also In re Enron Corp. Sec. Derivatives & ERISA Litig.*, 586 F. Supp. 2d 732, 753 (S.D. Tex. 2008).  Mr. Starzyk also reduced the requested fees by 110.75 hours or approximately $21,600 in fees for work performed by junior associates and law clerks.  Ex. 2, ¶¶ 34, 41.

### 2.    Reasonable hourly rates charged (Factors 3, 5 & 9).

Defendants do not dispute the reasonableness of Class Counsel's billing rates charged in this action.  Ex. 1, ¶ I (C) **("Defendants have agreed that Class Counsel's billing rates are reasonable and agree not to object so such billing rates.")** (emphasis added); *see Zaragoza v. Qoncert, LLC*, 2014 U.S. Dist. LEXIS 35070, at *21 (M.D. Fla. Feb. 21, 2014) (Barksdale, Mag.), adopted by, 2014 U.S. Dist. LEXIS 35073 (M.D. Fla., Mar. 18, 2014) (Howard, J.) (declining to adjust lodestar downward where parties agreed the amount of plaintiff's recovery would be viewed as a neutral factor "[b]ecause a settlement generally must 'stand or fall as a whole,' it would be

inappropriate to ignore that negotiated term.") (quoting *Brooks v. Georgia State Bd. Of Elections,* 59 F.3d 1114, 1120 (11th Cir. 2008)); *see also Tampa Bay Water v. HDR Eng'g, Inc.,* 2012 U.S. Dist. LEXIS 157631, at *21 (M.D. Fla. Nov. 2, 2012) (determining a reasonable fee without examining "every hour billed for every service provided" as a task not required in the Eleventh Circuit, and where the parties stipulated to the reasonableness of the hourly rates for the various attorneys) (citing *Kenny A. ex rel. Winn v. Perdue,* 532 F.3d 1209, 1220 (11th Cir. 2008)). Class Counsel's individual billing rates (per hour) and years of practice are:

| | |
|---|---|
| Michael A. Starzyk: | $425 - 475 (J.D., 1993) |
| April L. Walter: | $400 - 450 (J.D., 1996) |
| Amber L. Karns: | $300 - 340 (J.D., 2002) |
| Megan M. Mitchell: | $275 - 300 (J.D., 2013) |
| Melissa Crain | $130 (Advanced Paralegal Certificate, 2011) |

Reasonable fees are to be calculated according to the prevailing market rates in the relevant community for attorneys of similar experience handling similar cases. *Blum v. Stenson*, 465 U.S. 866, 895 (1984). The relevant market here is a nationwide one. In large, complex cases, the relevant community is often defined not by geography but by a community of practitioners in the same field, "particularly when . . . the subject matter of the litigation is one where the attorneys practicing it are highly specialized and the market for legal services in that area is a national market." *Jeffboat, LLC v. Dir., Office of Workers' Comp. Programs*, 553 F. 3d 487, 490 (7th Cir. 2009); *see also Lucas v. Kmart Corp.*, 2006 U.S. Dist. LEXIS 51420, at *13 (D. Colo. July 27, 2006) (stating that "relevant community" for large scale litigations on behalf of a class "likely consists of attorneys who litigate nationwide, complex class actions"). Class and collective actions often require specific skills and expertise, and, as is the case here, attorneys in class or collective actions are often based in different markets. *See e.g., Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir. 1993) (stating "national market or market for a particular legal specialization may provide

the appropriate market" rather than the "local geographic community"); *Ressler v. Jacobson*, 149 F.R.D. 651, 654 (M.D. Fla. 1992) (considering fee rates based on where counsel maintained their offices, both Philadelphia and Tampa).

Mindful of the need to attract experienced and high caliber counsel, courts have recognized the importance of providing incentives to counsel who take on complex litigation cases on a contingent fee basis so those cases can be prosecuted both efficiently and effectively. *Elkins v. Equitable Life Ins. Co.*, 1998 U.S. Dist. LEXIS 1557, at *102 (M.D. Fla. Jan. 27, 1998) (citing *Jones v. Central Soya Co.*, 748 F.2d 586, 591 (11th Cir. 1984)); *Wolff v. Cash 4 Tits.*, 2012 U.S. Dist. LEXIS 153786, at *14 (M.D. Fla. Sept. 26, 2012); *see Norman*, 836 F.2d at 1302 (recognizing enhancement may be appropriate if there is a risk of non-recovery of a fee in the case and such enhancement is necessary to ensure the availability of counsel) (citing *Pennsylvania v. Delaware Valley Citizens' Council*, 483 U.S. 711, 730 (1987)); *see also Ressler*, 149 F.R.D. at 654-655.

In its bi-annual survey on attorney billing rates, the Florida Bar's *Results of the 2016 Economics and Law Office Management Survey* reported that the median hourly billing rate for Florida attorneys (regardless of years of experience or subject matter of practice) was $300 per hour, and that over one-third (36%) of respondents listed their hourly rate as being over $300.  Ex. 5, p. 8.  The Survey also noted that the "percentage of attorneys who charge an hourly rate in excess of $300 has increased significantly since the 2010 survey (from 14% in 2010 to 36% in 2016)." *Id.*, p. 9*; see also* Ex. 6, Billing Rate Survey published by *Texas Lawyer* in 2015; Ex. 7, Frank Strong, *What are the going law firm billing rates by practice area?*, LEXISNEXIS BUSINESS OF LAW BLOG, June 3, 2015; Ex. 8, Excerpts of the 2011 Edition of *The Survey of Law Firm Economics* conducted and published by The National Law Journal and ALM Legal Intelligence (within the litigation specialty of Employment law in 2011, partner-level rates averaged $374

across the nation, with an upper quartile rate of $430, and associate rates averaged $273 with an

upper quartile of $318); Ex. 9, 2010 NLJ Billing Survey, ALM Legal Intelligence.

Moreover, the Court "itself is an expert on the question of fees, and may consider its own

knowledge and experience in making a fee award." *Norman*, 836 F. 2d at 1304. The requested

fee rates are reasonable and in line with rates approved in other FLSA litigation. *See Alonso v.

Ocean CC, LLC*, 2017 U.S. Dist. LEXIS 46661, at *10-11 (S.D. Fla. Mar. 28, 2017) (approving

$450 per hour billing rate based on attorney's affidavit concerning his experience and the court's

own familiarity with FLSA litigation and attorney's fees in general); *James v. Wash Depot

Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007) (approving $450 per hour billing rate

in FLSA fee award based on counsel's years of practice, specialized experience in labor and

employment issues, and the court's independent judgment); *see also Carruega v. Steve's Painting,

Inc.*, 2017 U.S. Dist. LEXIS 124535, at *8 (M.D. Fla. Aug. 7, 2017) (approving $500 per hour

billing rate to plaintiff's counsel and moving party in granting motion to compel discovery in

FLSA collective action).

### 3.    The extraordinary results achieved (Factor 8).

A court must consider the relationship between the amount of the fee awarded and the

results obtained. *Hensley*, 461 U.S. at 436-37 ("[T]he most critical factor is the degree of success

obtained."). As detailed above, Plaintiffs will receive net settlement payments that are

substantially <u>greater</u> than those received in typical FLSA class actions. Here, Class Counsel

indisputably obtained extraordinary results for Plaintiffs and should be awarded their full fees. *See

id.* at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully

compensatory fee. Normally this will encompass all hours reasonably expended on the litigation,

and indeed in some cases of exceptional success an enhanced award may be justified."); *Pinto v.*

*Princess Cruise Lines*, 513 F. Supp. 2d 1334, 1342 (S.D. Fla. 2007) ("The result achieved is a major factor to consider in making a fee award); ."); *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 547-48 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990) ("The quality of work performed in a case that settles before trial is best measured by the benefit obtained.").

### 4. The contingent nature of the fee (Factors 6 & 10).

"A determination of a fair fee for Class Counsel must include consideration of the contingent nature of the fee, the wholly contingent outlay of out-of-pocket sums by Class Counsel, and the fact that the risks of failure and nonpayment in a class action are extremely high." *Pinto*, 513 F. Supp. 2d at 1339. Indeed, "[c]ases recognize that attorneys' risk is 'perhaps the foremost factor' in determining an appropriate fee award." *Id.* (quoting *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 54 (2d Cir. 2000); *see also Ressler*, 149 F.R.D. at 656 ("Numerous cases recognize that the attorney's contingent risk is an important factor in determining the fee award."); *Behrens*, 118 F.R.D. at 548 ("A contingency fee arrangement often justifies an increase in the award of attorney's fees. This rule helps assure that the contingency fee arrangement endures. If this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing."); *see also In re Enron*, 586 F. Supp. 2d at 791 (stating that enhancement was warranted when "there was no obvious deep pocket source available from which to seek any recovery," and "the contingent fee agreement placed the risk, which was substantial, completely on Lead Counsel").

As noted in the Florida Bar's *Results of the 2016 Economics and Law Office Management Survey*, 67% of law firms reported their firm will <u>not</u> handle contingency fee cases. Ex. 5, p. 14. Thus, only 33% of respondents will *ever* handle contingency fee cases, and "[o]f those who accept

cases on a contingency fee basis, the majority report that these types of cases comprise one-quarter or less of the total number of cases they handle." *Id.* It is clear contingency fee arrangements are undesirable given the risks involved and the risks borne by Class Counsel fully support the appropriateness of the fee requested. *See Pinto*, 513 F. Supp. 2d at 1340 ("Class Counsel's investment of time and expenses has always been at risk and wholly contingent on the result they achieved. Although Class Counsel have successfully concluded the litigation, this result was not foreseeable at the outset. The relevant risks must be evaluated from the standpoint of Plaintiffs' counsel as of the time they commenced the suit and not retroactively with the benefit of hindsight.").

### 5.    Similar fees/awards (Factors 5 & 12).

Courts in this District applying a lodestar analysis have awarded reasonable attorneys' fees with a significantly higher fee-recovery ratio, even in cases where FLSA plaintiffs had limited success. *See Wales v. Jack M. Berry*, 192 F. Supp. 2d 1313, 1328-29 (M.D. Fla. 2001) (awarding, even after significantly reducing lodestar due to *Johnson* factor of limited success, 16.8 times plaintiffs' FLSA recovery ($21,000) in attorneys' fees ($352,225.40)); *Zaragoza*, 2014 U.S. Dist. LEXIS 35070, at * 21-22 (awarding 41.3 times plaintiff's FLSA recovery ($2,500) in attorneys' fees ($103,490)). Plaintiffs requested fees here would result in a fee-recovery ratio of approximately 1:1.

### 6.    The novel and difficult questions involved and time and skills required (Factors 1-4, 7 & 9).

This case presented the sometimes difficult questions (the second factor) of 1) whether a workforce was improperly classified as independent contractors instead of employees; and 2) if so, whether Defendants should prevail on any exemption defenses. Class Counsel invested significant time and resources in discovery (including briefing and hearings on two Motions to

Compel discovery responses) and briefing these same issues.  *See* Docs. 190 & 205, *Plaintiffs'*
*Motion for Partial Summary Judgment & Reply on Issues of (1) Plaintiffs' Employee Status; (2)*
*Defendants' Exemption Defenses (No Salary Basis); (3) Defendants' "Good Faith" Defense To*
*Liquidated Damages; and (4) Willfulness Of Defendants' FLSA Violations*.  This is particularly
poignant here where the Court asked if Defendants would stipulate to Plaintiffs' employee status,
but Defendants declined.  *See* Doc. 207, p. 7, *Order on Plaintiffs' Second Motion to Compel*.  Class
Counsel shouldered one-hundred percent of the risk of the litigation working on a contingency
basis with no security that they could prove that the Class members were misclassified as
contractors and/or subject to an exemption defense – while facing skilled defense counsel.  Ex. 2,
¶¶ 24 - 29.

Class Counsel has significant experience in FLSA collective actions[5], and expended over
1,500 hours over two-plus years investigating the allegations, conferring with Plaintiffs and other
potential plaintiffs/witnesses, preparing and assessing the pleadings and other motions filed in this
case, reviewing more than twenty-eight thousand pages of relevant documents exchanged in
discovery, administering class notice, exchanging more than 3,000 e-mails, and negotiating and
documenting this settlement (as more fully detailed in Class Counsel's Affidavit).  Ex. 2, ¶¶ 16
(A) – (ZZ); *see also Tampa Bay Water*, 2012 U.S. Dist. LEXIS 157631, at *21 (M.D. Fla. Nov. 2,
2012) (approving fee award of nearly $10 million and $11 million in costs to prevailing party in
contentious litigation spanning three years).  Because this case involved an estimated class of at
least two hundred-thirty similarly situated adjusters who worked for Defendants without overtime
pay in the last three years (*see* Doc. 163, p. 4, *Plaintiffs' Motion to Compel Interrogatory Answer*),

---

[5] *See* Ex. 2, ¶¶ 5-7, 15.

Class Counsel had to regularly turn down other matters to ensure they had the resources necessary to prosecute this action available.  Ex. 2, ¶ 48.

For their part, Defendants are represented by the law firm of Shutts & Bowen, with nearly three hundred attorneys in eight offices throughout Florida.  Ex. 2, ¶¶ 38-40.  According to Shutts & Bowen's website (https://shutts.com), Frank Zacherl is a partner in their Miami office and Co-Chair of the firm's Class Action and Mass Litigation Practice Group with "extensive experience handling, national and statewide class actions in state and federal courts throughout Florida." (Quoting Mr. Zacherl's web-bio).  Likewise, Mary Ruth Houston is Co-Managing Partner of Shutts & Bowen's Orlando office and Co-Chair of the firm's Labor & Employment Law Practice Group.

These issues demonstrate the risk Class Counsel took under the sixth *Johnson* factor, but also the undesirability of the case under the tenth *Johnson* factor.

## III.   LITIGATION EXPENSES AND TAXABLE COSTS ALSO RECOVERABLE.

Defendants agree Class Counsel is entitled to reimbursement of costs.  Ex. 1, ¶ I (C); *see* 28 U.S.C. § 1920.  Plaintiffs are also entitled to recover reasonable litigation expenses under the cost-shifting provisions of the FLSA.  At itemized description of Plaintiffs' costs and litigation expenses is included at **Exhibit 10**.

### A.   Taxable Costs.

Plaintiffs seek to recover taxable costs of $16,051.84 in filing fees, service of process fees, deposition and hearing transcripts, as well as copies of papers necessarily obtained for use in the case.  *See* Ex. 10.

#### 1.   Filing fees and service of process.

Plaintiffs seek recovery of costs in the amount of $1,248.00 for filing fees and service of

process on Defendants.  *See* 28 U.S.C. § 1920(1); Ex. 10.

### 2.      Deposition and hearing transcripts.

Plaintiffs requests an award of $9,229.59 in costs for deposition and hearing transcripts.

*See* Ex. 10.   Taxable costs include fees for a videotaped deposition, including the printed or

electronically recorded transcripts, if both[6] the videotaped deposition and the transcript were

necessarily obtained for use in the litigation.  *Morrison v. Reichhold Chems.*, 97 F.3d 460, 465

(11th Cir. 1996) ("[W]hen a party notices a deposition to be recorded by nonstenographic means,

or by both stenographic and nonstenographic means, and no objection is raised at that time by the

other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is

appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.");

*State Farm Fire & Cas. Co. v. King Sports, Inc.*, 841 F. Supp. 2d 1317, 1319-20 (N.D. Ga. 2012)

(citing *In re Ricoh Co. Patent Lit.*, 661 F.3d 1361, 1370 (Fed. Cir. 2011); *Waste Servs. v. Waste*

*Mgmt.*, 2007 U.S. Dist. LEXIS 102610, at *12 (M.D. Fla. Mar. 30, 2007).

### 3.      Copies necessarily obtained for use in the case.

The costs of making copies "of any materials where the copies are necessarily obtained for

use in the case" may be taxed as costs.  28 U.S.C. § 1920(4).  Copies attributable to discovery,

copies of pleadings, correspondence, copies of exhibits, and documents prepared for the Court are

recoverable, whereas copies obtained only for the convenience of counsel are not.  *Desisto College,*

*Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla., 1989), *aff'd* 914 F.2d 267

(11th Cir. 1990).   Here, the parties exchanged approximately 28,000 pages of documents in

discovery.  Ex. 2, ¶ 16 (DD) – (EE).  Hard copies of a large portion of Defendants' production

---

[6] *See*  Middle District Discovery (2015) at II (D), Non-Stenographic Recording of Depositions ("A party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rules 26(a)(3)(A)(ii) and 32(c), Federal Rules of Civil Procedure, if the deposition is later to be offered as evidence at trial or in conjunction with a Rule 56 motion.").

(primarily Plaintiffs' pay and personnel records) were vital to Class Counsel's calculation of Plaintiffs' unpaid overtime and witness preparation, with many used as deposition exhibits. *See id*.   Plaintiffs seek recovery of $5,574.25 (or approximately 22,000 copies) in copying costs for these discovery documents, deposition and trial exhibits, and pleadings (including courtesy copies of all filings delivered to Chambers).

### B.    Reasonable Litigation Expenses.

Plaintiffs request reimbursement of $9,835.54 in reasonable litigation expenses.   The Eleventh Circuit has expressly stated that "[w]here cost-shifting is expressly authorized by statute, the traditional limitations of Rule 54(d)[ of the Federal Rules of Civil Procedure] and 28 U.S.C. §§ 1920 and 1923(a) do not apply." *Dowdell v. Apopka*, 698 F.2d 1181, 1188-89, 1191-92 (11th Cir. 1983) (collecting fee-shifting cases awarding expense reimbursements such as travel liberally and as appropriate to the specific litigation).

District Courts in the Eleventh Circuit applying *Dowdell* have held that a reasonable attorneys' fee award should include reasonable out-of-pocket expenses by the attorney. *Wales*, 192 F. Supp. 2d at 1329 ("[T]ravel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment [are the] types of litigation expenses [which] are recoverable under the FLSA as part of an attorneys' fee award"); *see Cappeletti Bros. Inc. v. Broward County,* 754 F. Supp. 197, 198 (S.D. Fla. 1991) ("nonstatutory costs subsumed within the reasonable attorney's fee could include compensation for postage, long distance calls, photocopying, travel, paralegals, expert witnesses, and computerized legal research"); *Oden v. Vilsack*, 2013 U.S. Dist. LEXIS 112464, at *50-51 (S.D. Ala. Aug. 9, 2013) (quoting *Fairley v. Patterson*, 493 F.2d 598, 607 n.11 & n.17 (5th Cir. 1974) ("Court costs not subsumed under federal statutory provisions normally granting such

costs against the adverse party, Fed. R. Civ. P. 54(d) [ ]; are to be included in the concept of attorney' fees.") (internal citations omitted)); *see also Wheeler v. Durham City Bd. of Ed.*, 585 F.2d 618, 623 (4th Cir. 1978) ("Where attorneys fees are expressly authorized by statute, [ ] Rule 54(d) is no longer relevant.  Instead, the question is whether the statutory authorization of reasonable attorneys' fees [ ]was intended to include litigation expenses.  We hold that it was.")).

### 1.    Travel and lodging expenses.

Plaintiffs seek recovery of $8,083.50 in travel and lodging expenses for attendance at hearings, mediation, and depositions.[7]  As discussed above, Class Counsel are highly experienced FLSA litigators, with particular expertise in litigating collective actions filed by insurance adjusters like Plaintiffs misclassified and not aid overtime wages.  *See* Ex. 2, ¶¶ 5-7, 15.  Class Counsel also sought to affiliate with local counsel in the Jacksonville area, yet were unsuccessful.  Ex. 2, ¶ 28; *see also Wales v. Jack M. Berry*, 192 F. Supp. 2d 1313, 1323-24, 1332 (M.D. Fla. 2001) (rejecting defendants' assertion that out-state counsel should not recover for travel time and travel expenses because a local counsel would not have needed to travel) ("[Although] I think that there were local counsel who would have been available to handle this case, I also think that, under the circumstances, it was reasonable for plaintiffs to retain [out-of-state counsel]").  It is not unreasonable for Plaintiffs' to have retained highly experienced out-of-state counsel given the nature and complexity of their claims.  *See Tampa Bay Water*, 2012 U.S. Dist. LEXIS 157631, at *41-43 (M.D. Fla. Nov. 2, 2012); *Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205, 1208 (11th Cir. 1983) ("[T]he exclusion of out-of-town counsel's travel time is proper only if it was unreasonable not to hire qualified local counsel.") (citing *Dowdell*, 698 F.2d at 1191-92 (collecting

---

[7] Class Counsel has exercised billing judgment in reducing their expenses by the amounts of meals and other incidentals such as travel expenses to/from airports, for a total of $3,468.81 in out-of-pocket expenses.  Ex. 2, ¶ 42; *see* Ex. 10.

cases awarding expense reimbursements such as travel liberally as appropriate to the specific litigation)).

**2.      Class administration and other expenses.**

Class Counsel administered Class Notice to approximately 230 class members and seeks recovery of postage costs in the amount of $411.40. *See* Ex. 10. Plaintiffs seek recovery of reasonable expenses of $290.64 in delivering the Original Complaint to the Clerk of Court and courtesy copies of filings to Chambers. *See id*.

**3.      Mediation fees.**

Plaintiffs seek recovery of $1,050 in mediator fees for attendance at court-ordered mediation. *See Wales*, 192 F. Supp. 2d at 1332 (awarding reimbursement of expenses related to court-ordered mediation); Ex. 10.

**IV.      CONCLUSION.**

Plaintiffs respectfully request that the requested $454,843.25 fee for Class Counsel and reimbursement of $25,887.38 in costs and litigation expenses be approved by the Court. In the event the Court is inclined to reduce Class Counsel's rates or lodestar recovery negotiated under the parties' arms-length settlement, Plaintiffs respectfully request a hearing.

Date: October 23, 2018.

Respectfully submitted,

*/s/ Amber L. Karns*
**Amber L. Karns**
Florida Bar No. 0577944
akarns@starzyklaw.com
**Michael A. Starzyk***
mstarzyk@starzyklaw.com
**STARZYK & ASSOCIATES, PC**
10200 Grogan's Mill Rd, Suite 300
The Woodlands, Texas 77380
Telephone: (281) 364-7261

Facsimile: (281) 364-7533

**ATTORNEYS FOR PLAINTIFF GAIL LOCKWOOD, Individually and on Behalf of All Others Similarly Situated**

*\*Admitted Pro Hac Vice*

<u>**CERTIFICATE OF CONFERENCE**</u>

I certify that Plaintiff's counsel conferred with Defendants' counsel prior to the filing of this Motion prior to its filing, and Defendants are partially opposed to this Motion as described herein.

/s/ *Amber L. Karns*
**Amber L. Karns**


<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on October 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

**Frank A. Zacherl**
**Shutts & Bowen LLP**
fzacherl@shutts.com
200 S. Biscayne Blvd., Ste 4100
Miami, Florida 33131
Phone: (305) 347-7305
Fax: (305) 347-7705

-AND-

**Mary Ruth Houston**
mhouston@shutts.com
**Jaclyn S. Clark**
jclark@shutts.com
**Shutts & Bowen LLP**
300 South Orange Ave., Ste 1600
Orlando, Florida 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316

-AND-

**Michael S. Francis**

**Flynn, Francis & Clark, L.L.P.**
msfrancis@ffctxlaw.com
700 E. Southlake Blvd., Ste. 150
Southlake, Texas 76092
Phone: (817) 329-3000

**ATTORNEYS FOR DEFENDANTS**

/s/ *Amber L. Karns*
Amber L. Karns