# EXHIBIT

# 1

**COLLECTIVE ACTION SETTLEMENT AGREEMENT**

This Collective Action Settlement Agreement (the "Agreement") is entered into this ___ day of September, 2018 by and between GAIL LOCKWOOD (the "Named Plaintiff"), in her individual capacity, and on behalf of all individuals who have filed consents to join the Lawsuit and have not subsequently voluntarily dismissed their claims (the "Opt-In Plaintiffs") (the "Named Plaintiff" and the "Opt-In Plaintiffs" collectively to be known as the "Employees"), and CIS Services, LLC; CIS Claims Services, LLC; CIS Group of Companies, LLC; CIS Group, LLC; (collectively, "CIS"); and Michael E. Stanley ("Stanley") (collectively, "Defendants"). The "Named Plaintiffs," "Opt-In Plaintiffs," and "Defendants" shall collectively be referred to as the "Settling Parties" or the "Parties." This Agreement is effective upon its execution by the Named Plaintiff and Defendants and final approval by the Court as set forth herein.

**RECITALS**

WHEREAS, the Named Plaintiff and Defendants are parties to the case styled as Gail Lockwood, Individually and on behalf of all others similarly situated v. CIS Services, LLC, et al., Case No. 3:16-cv-965-J-39PDB, which is pending in the United States District Court for the Middle District of Florida, Jacksonville Division (the "Lawsuit");

WHEREAS, prior to the commencement of the Lawsuit Defendant Cornerstone Appraisal Services, LLC merged into Defendant CIS Group, LLC;

WHEREAS, subsequent to the commencement of this Lawsuit Defendants CIS Specialty Claim Services, LLC and CIS Alamo Holdings, LLC merged into CIS Claim Services, LLC;

WHEREAS, the Named Plaintiff, on her own behalf and on behalf of the other Employees, alleges that Defendants violated the Fair Labor Standards Act (the "FLSA") by failing to pay its Employees overtime compensation for overtime hours worked over 40 in a workweek;

WHEREAS, the Named Plaintiff and Opt-in Plaintiffs are represented in the Lawsuit by Michael A. Starzyk and Amber L. Karns of Starzyk & Associates, P.C. ("Class Counsel");

WHEREAS, Defendants and the Employees recognize and acknowledge that Defendants do not admit liability to the Employees, or to anyone else, for alleged violations of the FLSA or any other allegations set forth in the Lawsuit, and that this Agreement cannot in any way be construed as an admission of liability by Defendants of any violation of any law, contract, or agreement. Defendants deny and dispute all allegations of violations of the FLSA and all other allegations set forth in the Lawsuit, and have asserted various defenses. This Agreement is made for the sole purpose of attempting to consummate settlement of the Employees' claims and potential claims under the FLSA on a class-wide basis under the FLSA. This Agreement is made in compromise of disputed allegations;

WHEREAS, Defendants deny all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the collective action allegations asserted by the Employees. Defendants have agreed to resolve this matter via this Agreement, but to the extent this Agreement is deemed void and/or does not go into effect because it is not approved

by the Court, Defendants do not waive (but rather expressly reserve) all rights to challenge all such claims and allegations in the matter upon all procedural and factual grounds;

WHEREAS, the Settling Parties acknowledge and agree that this Agreement represents a fair and equitable settlement of their claims and that with this settlement, all of their claims as to violations of the FLSA for the time period of July 29, 2013 through July 29 2016 (the "Applicable Period"), including but not limited to, claims for failure to pay overtime wages for all hours worked, liquidated damages, and costs and attorneys' fees are fully satisfied and that they have no claim as to any wages, overtime compensation, liquidated damages or attorneys' fees due or owing to them from Defendants for the Applicable Period;

WHEREAS, this settlement is made by the Settling Parties on a compromise basis in order to avoid the time and expense of litigation. The Settling Parties believe that their allegations have merit; however, they recognize and acknowledge the expense and length of the type of continued proceedings necessary to prosecute the allegations against Defendants through trial and through appeals. The Settling Parties have also taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in all litigation. Based upon their evaluation, Class Counsel, together with the Named Plaintiff, has determined that the settlement set forth in this Agreement is in the best interests of the Employees;

WHEREAS, all of the Settling Parties acknowledge that they have entered into this Agreement voluntarily. Defendants expressly deny any liability or wrongdoing of any kind associated with the potential claims of the Employees; and

WHEREFORE, in exchange for the mutual promises contained herein and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## I. FINANCIAL TERMS OF THE SETTLEMENT

### A. Payments

The Settling Parties have agreed to a global settlement value of Four Hundred Fifty-nine Thousand Five Hundred Dollars and Zero cents ($459,500.00) (the "Gross Settlement Amount"). This amount consists of: (i) Net Settlement Amount of $448,500.00 for the Employees to secure compensation for back wages, benefits, and liquidated damages (the "Net Settlement Amount"); (ii) an incentive service award of Five Thousand Dollars ($5,000.00) to Named Plaintiff Gail Lockwood; (iii) and incentive service awards of Two Thousand Dollars ($2,000.00) each to Opt-In Plaintiffs Iatrice Edwards, Juliano Valdivia, and Shandra McNeese for a total of Six Thousand Dollars ($6,000.00) (Subsections A.1.ii and iii are together referred to as "Incentive Service Awards"). In addition, Defendants agree to pay Class Counsel's attorneys' fees and costs in litigating this action in an amount that the Court deems reasonable after briefing of the issues.

Of the Net Settlement Amount, one-half shall be allocated to wages and one-half shall be allocated to liquidated damages. Each Employee will receive his or her share of the Net Settlement Amount based upon their pay and time records in order to proportionally distribute

and allocate the wages. The amounts payable to each Employee are set forth in the schedule attached as Exhibit A hereto.

Under no condition will Defendants' collective liability for payments to the Employees in this Lawsuit exceed the Net Settlement Amount, unless otherwise explicitly set forth in this Agreement. All payments to the Employees shall be paid out of the Net Settlement Amount unless otherwise set forth in this Agreement.

For each Individual Settlement Award payment made pursuant to this Agreement, Defendants will report each payment to government authorities including the Internal Revenue Service as required by law, and it shall make all required deductions and/or withholdings. The payments shall be allocated for reporting reasons as set forth below:

fifty percent (50%) shall be deemed payment in settlement of claims for overtime wages; and

fifty percent (50%) shall be deemed payment in settlement of claims for liquidated damages.

Those payments allocated to the settlement of claims for overtime wages shall be subject to required withholdings and deductions, and so the net amounts payable will be less than the gross amounts, and shall be reported in the year of payment as wage income to the relevant individual on a Form W-2 or analogous form. Those payments allocated to liquidated damages shall not be subject to required withholdings and deductions, and so the net amounts payable will be equal to the gross amounts and shall be reported in the year of payment as non-wage income to the individuals on a 1099 or other form as required by law.

Other than as set forth above, Defendants will not, unless otherwise required by law, make any deductions, withholdings or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, contributions to qualified or unqualified employee retirement plans, wage garnishments or charity withholdings.

Other than the withholding and reporting requirements set forth above, the Employees shall be solely responsible for the reporting and payment of the employee's share of any federal, state and/or local income tax, if any, on any of the payments made pursuant to this Agreement. Defendants acknowledge that they will be responsible for paying the employer's share of any applicable payroll taxes and that such obligation is in addition to the Net Settlement Amount. Defendants make no representations and it is understood and agreed that Defendants have made no representations as to the taxability of any portions of the settlement payments to any of the Employees, the payment of any costs or an award of attorneys' fees, or any payments to Employees. Employees and Class Counsel agree that the allocations of the payments, including for the payment of attorneys' fees, are solely matters between the Employees and Class Counsel or separately retained counsel, and Defendants have no responsibility or liability related thereto. Plaintiffs agree to be responsible for all taxes due upon the consideration paid and agree to indemnify and hold harmless Defendants from any claims for taxes, interest and/or penalties claimed due as a result of the payment of said consideration.

**B. Incentive Awards**

The Parties agree that the Named Plaintiff Gail Lockwood and Opt-In Plaintiffs Iatrice Edwards, Juliano Valdivia, and Shandra McNeese will receive incentive service awards from the Gross Settlement Amount as follows: (1) the amount of Five Thousand Dollars ($5,000.00) to Named Plaintiff Gail Lockwood for her service as Class Representative and providing unique services during the Lawsuit including testifying at deposition; and (2) the amount of Two Thousand Dollars ($2,000.00) each for Opt-In Plaintiffs Iatrice Edwards, Juliano Valdivia, and Shandra McNeese for participating in depositions in this matter. This award is in addition to the Named Plaintiff's and the three above referenced Opt-In Plaintiffs' individual settlement amounts from the Net Settlement Amount. Defendants agree not to object to such application, but the Settling Parties acknowledge that such incentive awards are subject to Court approval and shall not be paid from the Net Settlement Amount.

If the Court approves a lower amount of incentive service awards than those set forth above, Defendants will pay the Court awarded amount and no additional amounts will be owed by Defendants for incentive service awards. Under no circumstances will the Net Settlement Amount be increased as a result of any such ruling by the Court.

**C. Attorneys' Fees and Costs; Court Approval**

Defendants agree that Class Counsel is entitled to reimbursement of reasonable attorneys' fees and costs under the FLSA. Defendants further understand that Class Counsel will seek approval from the Court for an award of attorney's fees and costs by filing a separate Motion and Memorandum of Law in support of that request. The amount of attorney's fees and costs being sought by Class Counsel is a term separately negotiated that has not yet been agreed upon by the Parties as a part of this settlement. Defendants have agreed that Class Counsel's billing rates are reasonable and agree not to object to such billing rates. However, Defendants specifically reserve their right to object to the total amount of hours worked and fees sought by Class Counsel in response to Class Counsel's request for fees. The Parties understand that the fees and costs are to be awarded at the discretion of the Court, and Defendants agree to pay attorneys' fees and costs to Class Counsel in whatever amount this Court deems reasonable after briefing on Class Counsel's request thereof, and in accordance with the payment schedule set forth in Section III.

The amount of attorneys' fees and costs awarded by the Court shall not impact the remainder of the Gross Settlement Amount, or in other words, shall not impact the settlement proceeds paid to the Employees or the settlement set forth herein. The amount of attorneys' fees or costs awarded by the Court shall not diminish in any way the Net Settlement Amount or affect the payments to the Employees.

## II. PROCEDURAL STEPS FOR SETTLEMENT

The Settling Parties shall jointly file a motion to approve this settlement, which motion shall ask the Court, among other things, to approve the settlement and find that the settlement is fair, reasonable and adequate. Class Counsel shall simultaneous therewith or immediately thereafter file its Motion for Award of Attorneys' Fees and Costs, as set forth above. In the event that this settlement is not finalized, or does not receive final approval from the Court, no

party shall use the foregoing provision for any purpose whatsoever in the Lawsuit or any other action or proceeding.

## III. PAYMENT OF SETTLEMENT PROCEEDS AND ALLOCATIONS

**A.** On or before fifteen (15) days after approval by the Court of the terms outlined herein and determination by the Court of a reasonable amount of attorneys' fees and costs to be paid to Class Counsel, Defendants shall: (i) mail to Employees checks representing the total amount of liquidated damages owed to Employees for which 1099s will be issued (which amount is $224,250.00); and (ii) mail to Class Counsel 50% of the total amount awarded by the Court for attorneys' fees and costs to Class Counsel. Checks to individual Employees shall be made payable to each Employee in the amounts set forth in Exhibit A. All mailings under this Section III shall be by trackable, U.S. priority mail. Further, Class Counsel agrees to provide counsel for Defendants with a list of last known addresses for the Employees no later than the date of approval of this Agreement.

**B.** On or before seventy-five (75) days after approval by the Court of the terms outlined herein and determination by the Court of a reasonable amount of attorneys' fees and costs to be paid to Class Counsel, Defendants shall: (i) mail the remaining amount of the Net Settlement Amount owed to Employees ($224,250.00), less applicable withholdings, for alleged unpaid wages and benefits; (ii) mail the total amount of Incentive Service Awards due to Named Plaintiff and Opt-In Plaintiffs Iatrice Edwards, Juliano Valdivia, and Shandra McNeese, or Eleven Thousand Dollars and Zero Cents (for a total of $11,000.00); and (iii) mail the remaining 50% of the total amount awarded by the Court for attorneys' fees and costs to Class Counsel. Checks to individual Employees shall be made payable to each Employee as set forth in Exhibit A, and W2s shall be issued for each such amount.

**C.** All checks issued to Employees pursuant to this Agreement shall remain negotiable for one hundred twenty (120) days from the date of their mailing. All funds associated with any checks which are not properly or timely negotiated shall remain the property of Defendants, shall not be paid to any person other than Defendants. Employees who fail to negotiate their check(s) in a timely fashion shall remain subject to the terms of this Agreement.

**D.** No payment shall be made to any Employee who fails to sign and return the Individual Waiver and Release as further set forth below, and any such Employee shall be deemed to have forever waived his or her right to participate in this settlement and receive payment under this Agreement.

## IV. RELEASE OF CLAIMS BY EMPLOYEES

**A.** As of the Effective Date, the Named Plaintiff and Opt-In Plaintiffs release and covenant not to sue Defendants, and, without limitation, each of its past, present and future owners, stockholders, parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and its divisions, franchisees, successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans and severance plans) and all of their respective officers, directors, shareholders, employees, insurers,

administrators, fiduciaries, trustees and agents, in their individual and representative capacities, and any individual or entity which could be jointly liable with Defendants (the "Released Parties") from the "Released Claims" as defined below.

**B.** For purposes of this Agreement, the "Released Claims" are defined as: All claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, whether known or unknown, suspected or unsuspected, that were asserted in the Lawsuit or that relate in any way to the classification of claims adjusters as independent contractors and/or exempt employees or the payment of overtime to the claims adjusters during the Applicable Period, whether in tort, contract, statute, rule, ordinance, order, regulation or otherwise, or that arise under the FLSA, any state wage and hour laws, whether for economic damages, non-economic damages, restitution, penalties, wages, liquidated damages, interest or attorneys' fees or costs arising out of the claims at issue, including the causes of action asserted in the Lawsuit relating to the alleged failure to pay overtime compensation to claims adjusters, as well as any claim, whether asserted or unasserted, for failure to keep accurate records or failure to pay all earned wages, including overtime compensation. The Released Claims shall not include any claims arising after the expiration of the Applicable Period.

**C.** Upon the execution of this Agreement by all Parties, the Named Plaintiff and Opt-In Plaintiffs shall be deemed to have fully, finally and forever released, relinquished and discharged all Released Claims. In addition, the Named Plaintiff and Opt-In Plaintiffs agree that the consideration paid to them pursuant to this Agreement compensates them for all wages, including overtime compensation, to which they may be entitled to as a result of the alleged violations of the FLSA or any state law or regulation.

**D.** As a condition of receiving payment, each Employee shall execute an Individual Waiver and Release in the form attached hereto as Exhibit B. The executed Individual Settlement Agreements shall be attached to this Agreement prior to its submission to the Court for approval.

**E.** For purposes of clarification and the avoidance of doubt, the Parties acknowledge that the Opt-In Plaintiffs listed on Exhibit C have opted in to a separate lawsuit entitled Iatrice Edwards v. CIS Services, LLC, CIS Claim Services LLC, CIS Group of Companies, LLC, CIS Group LLC, and Michael E. Stanley, Case No. 3:18-cv-637-J-39, presently pending in the Middle District of Florida, Jacksonville Division (the "Edwards Litigation"). This Agreement, including without limitation the release herein, does not release or affect in any way any Parties' claims or defenses in the Edwards Litigation, and is inadmissible in the Edwards Litigation.

## V. PAYMENT OF COSTS AND ATTORNEYS' FEES

Payments made pursuant to this Agreement for attorneys' fees and costs in the amount that the Court deems reasonable after briefing shall constitute full satisfaction of any claim for attorneys' fees and costs, and the Employees and Class Counsel, on behalf of themselves and all Employees, agree that they shall not seek nor be entitled to any additional attorneys' fees or costs under any theory related to the Lawsuit.

**B.** No party shall be deemed the prevailing party for any purpose, except that Defendants acknowledge that Plaintiffs are entitled to an award of reasonable attorneys' fees under this Agreement as set forth above.

event, the Parties and any funds to be awarded under this Agreement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the parties shall proceed in all respects as if this Agreement had not been executed. However, the failure of the Court to award Class Counsel the full amount of attorneys' fees and costs requested by Class Counsel in their Motion for Award of Attorneys' Fees and Costs will not be a reason to nullify the Agreement.

## VIII. MISCELLANEOUS PROVISIONS

**A.** The recitals set forth above are true and correct and incorporated herein by this specific reference.

**B.** Each party to this Agreement represents and warrants that he, she or it have not heretofore assigned or transferred, or purported to assign or transfer, any of the claims released pursuant to this Agreement to any other person and that he, she or it is fully entitled to compromise and settlement of same.

**C.** All questions with respect to the construction and interpretation of this Agreement and the rights and liabilities of the Parties hereto shall be governed by the laws of the State of Florida applicable to agreements to be wholly performed within the State of Florida. Any action at law, suit in equity, or other judicial proceeding arising out of or related to this Agreement shall be exclusively instituted and maintained in the federal courts covering Duval County, Florida, and each party waives the right to change venue.

**D.** Each party hereto acknowledges that he, she or it has been represented by counsel of his, her or its own choice throughout all of the negotiations that preceded the execution of this Agreement and in connection with the preparation and execution of this Agreement.

**E.** The Settling Parties hereto agree to do such acts and execute all such documents necessary to effectuate the intent of this Agreement.

**F.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and will be effective upon execution by all parties. Facsimile or electronic signatures shall be deemed original signatures for all purposes.

**G.** The headings contained in this Agreement are for reference purposes only and are not to be construed in any way as a part of the Agreement.

**H.** This Agreement represents the entire agreement between the Parties hereto with respect to the subject matter hereof and supersedes all prior oral and written agreements and discussions. Each of the Settling Parties covenants that he, she or it has not entered into this Agreement as a result of any representation, agreement, inducement or coercion, except to the extent specifically provided herein. Each party further covenants that the consideration recited herein is the only consideration for entering into this Agreement and that no promises or representations of another or further consideration have been made by any person. This Agreement may be amended only by an agreement in writing duly executed by the all Parties hereto.

**I.** This Agreement shall be binding upon and inure to the benefit of the parties hereto and to their respective heirs, assigns and successors-in-interest.

**J.** Each party hereto has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any party as the drafter of this Agreement.

**K.** In the event that any covenant or other provision herein is held to be invalid, void or illegal, the same shall be deemed severed from the remainder of this Agreement, and shall in no way affect, impair or invalidate any other covenant, condition or other provision herein, except as specifically provided for above in the "Nullification of Agreement" section. Notwithstanding the foregoing, the release set forth above in this Agreement is an essential part of the Agreement. If such release is held not to be valid or is modified in any way, Defendants have no obligations under this Agreement.

**L.** All exhibits attached to this Agreement are hereby incorporated by reference as though set forth fully herein and are a material part of this Agreement. Any notice, order, judgment or other exhibit that requires the approval of the Court must be approved, without material alteration.

**M.** Each party hereto warrants and represents that each of the persons or entities executing this Agreement is duly empowered and authorized to do so.

**N.** The Court shall have continuing jurisdiction to resolve any disputes that may arise with regard to the terms and conditions of this Agreement as set forth herein.

## IX. <u>NOTICES</u>

Any notices under this Agreement shall be provided by ______________________ and shall be made as follows:

To Plaintiffs:

Starzyk & Associates, P.C.
10200 Grogan's Mill Road, Suite 300
The Woodlands, Texas 77380

To Defendants:

Gerald Salas
CIS Group of Companies, LLC
2345 Dean Way
Southlake, TX 76092

cc: Frank Zacherl, Esq.
Mary Ruth Houston, Esq.

WHEREFORE, the Named Plaintiff on her own behalf and on behalf of the Opt-In Plaintiffs, and Defendants, by their duly authorized agent, have executed this Agreement as of the dates set forth below.

Gail Lockwood
**GAIL LOCKWOOD**

Dated: October 6, 2018

**CIS SERVICES, LLC**

By: M Stanley

Its: C.E.O.

Dated: 10-15-2018

**CIS CLAIMS SERVICES, LLC**

By: M Stanley

Its: C.E.O.

Dated: 10-15-2018

**CIS GROUP OF COMPANIES, LLC**

By: M Stanley

Its: C.E.O.

Dated: 10-15-2018

**CIS GROUP, LLC**

By: M Stanley

Its: C.E.O.

Dated: 10-15-2018

**MICHAEL E. STANLEY**

Dated: M Stanley
10-15-2018

ORLDOCS 16389579 5