# EXHIBIT

# 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| GAIL LOCKWOOD, Individually and on Behalf of All Others Similarly Situated, | § § § § | CIVIL ACTION NO. 3:16-cv-965-J-39PDB |
| Plaintiff, | § § | |
| v. | § § | COLLECTIVE ACTION |
| CIS SERVICES, LLC d/b/a CIS ALAMO SERVICES, CIS CLAIM SERVICES, LLC (f/k/a CIS ALAMO, LLC) d/b/a ALAMO CLAIM SERVICE, CIS GROUP OF COMPANIES, LLC (f/k/a CIS HOLDINGS, LLC), CIS GROUP, LLC (f/k/a NORTH AMERICAN COMPASS INSURANCE SERVICES GROUP, LLC) d/b/a CIS GROUP OF COMPANIES, CIS ALAMO HOLDINGS, LLC, CIS SPECIALTY CLAIM SERVICES, LLC (f/k/a CIS KDC, LLC) d/b/a KD CONSULTING & APPRAISAL, CORNERSTONE APPRAISAL SERVICES, LLC d/b/a CORNERSTONE, LLC A CIS GROUP OF COMPANIES, And MICHAEL E. STANLEY, | § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § § | JURY TRIAL DEMANDED |

## DECLARATION OF MICHAEL A. STARZYK

1. "My name is Michael A. Starzyk. I am over eighteen years of age, and am fully competent to make this Declaration. I have personal knowledge of the facts stated herein, and they are all true and correct.

2. I am an attorney licensed to practice law in the State of Texas, and have been so licensed since 1993. I am admitted to practice in, and a member in good standing of the U.S. District Courts for Colorado and the Southern, Northern, Eastern, and Western Districts of Texas. I am also admitted to practice before the U.S. Court of Appeals for the Fifth Circuit.

3. I am counsel for Plaintiff Gail Lockwood, *et al.*, individually and on behalf of all others similarly situated ("Plaintiffs"), in the above-styled Cause.

4. I maintain my full-time practice of law as the managing shareholder of Starzyk & Associates, P.C., with its principal place of business located at 10200 Grogan's Mill Road, Suite 300, The Woodlands, Texas 77380.

## ABOUT PLAINTIFFS' COUNSEL:

5. Starzyk & Associates, P.C. focuses its practice almost exclusively on employment litigation matters. The firm's practice consists of handling various types of employment matters before administrative agencies and in state and federal courts on behalf of both businesses and individuals. The majority of the firm's practice involves Fair Labor Standards Act ("FLSA") counseling and litigation matters involving claims from several thousand dollars to collective actions in the mid-eight figures.

6. My firm has previously worked on several large FLSA collective actions that were resolved confidentially. One such case involved approximately 3,250 eligible class members, over 84% of whom opted-in to the case. Another involved approximately 1,300 eligible class members, over 70% of whom opted-in to the case. Since 2010, my firm has achieved seven seven-figure FLSA settlements and two eight-figure FLSA settlements.

7. Of these several large FLSA collective actions, many have involved insurance adjusters and others performing similar services who were typically paid a day rate and were not paid any overtime pay.

8. Since lead Plaintiff Gail Lockwood initiated this action on July 29, 2016, seventy-one additional plaintiffs opted-in and filed a Consent to join this action. Doc. 6 (J. Malta); Doc. 8 (D. Martin); Doc. 21 (P. Bowe); Doc. 22 (J. Valdivia); Doc. 27 (R. Valdivia); Doc. 28 (G. Valdivia); Doc. 41 (L. Nichols-Lewis); Doc. 48 (G. Hale); Doc. 49 (R. Hale); Docs. 66 and 68 (C. Therrien); Doc. 103 ( G. Bowen); Doc. 104 (E. Karz); Doc. 105 (S. Skrocki); Doc. 106 (S. Wiggins); Doc. 107 (A. Longshaw); Doc. 108 (D. Ashton); Doc. 109 (D. Chambers); Doc. 110 (T. Ellis); Doc. 111 (J. Galarza); Doc. 112 (J. Krumbein); Doc. 113 (G .Pacheco); Doc. 115 (M. Addison); Doc. 116 (M. Andrews); Doc. 117 (F. McBride); Doc. 118 (M. Powers); Doc. 119 (D. Tappin); Doc. 120 (J. Betts); Doc. 121 (S. Baker); Doc. 122 (L. Gaona); Doc. 123 (A. Hamilton); Doc. 124 (T. Hucknall); Doc. 125 (M. Kindall); Doc. 126 (J. Marshall); Doc. 127 (J. Robles); Doc. 128 (R. Saunders); Doc. 129 (M. Tapley-Smith); Doc. 130 (A. Antoine); Doc. 131 (L. Braud); Doc. 132 (A. Singer); Doc. 134 (M. Munoz); Doc. 135 (V. Walker); Doc. 136 (S. Fitts); Doc. 137 (Mayes); Doc. 138 (L. Beno); Doc. 139 (J. Dause); Doc. 140 (W. Lacy); Doc. 141 (K. Plochl-Schulz); Doc. 142 (J. Rosselli); Doc. 143 (A. Wiley); Doc. 144 (L. Lammers); Doc. 145 (J. Aristorenas); Doc. 146 (B. Kelly); Doc. 147 (R. Marr); Doc. 148 (G. Scott); Doc. 149 (R. Lamb); Doc. 150 (J. Washington); Doc. 151 (S. Dameus); Doc. 152 (L. West); Doc. 153 (J. Hoffman); Doc. 154 (J. Davis); Doc. 155 (T. McLeod); Doc. 156 (L. DiFiore); Doc. 157 (K. Anders); Doc. 158 (R. Jefferson); Doc. 159 (D. Brooks); Doc. 160 (I. Edwards); Doc. 161 (D. Forehand); Doc. 162 (S. McNeese); Doc. 164 (T. Sorrells); Doc. 172 (P. Walker); and Doc. 173 (M. Plair).

9. My firm typically employs between three to four attorneys besides myself, including Amber L. Karns, April L. Walter, and Megan M. Mitchell, who have performed work on this matter.

10. **Amber L. Karns:** Ms. Karns graduated with Honors from the University of Florida Levin College of Law in 2002 and became licensed to practice in Florida that same year. She became licensed in Texas in 2012. Ms. Karns practiced more than ten years as a Judge Advocate in the United States Air Force and United States Air Force Reserves, serving as a criminal prosecutor and defense attorney as well as a federal civil litigator. She then entered private practice with the national employment defense firm Alaniz Schraeder Linker Farris Mayes, LLP in Houston, Texas. She defended labor and employment cases on behalf of both large and small employers for two years before joining my firm in December 2015. As a Senior Associate with my firm, Ms. Karns has served as lead and co-counsel on FLSA actions in Florida, Texas, and Colorado, including a class of insurance adjusters ultimately compelled to 150 individual FLSA arbitrations before the American Arbitration Association. She is admitted to practice in and a member in good standing of the U.S. District Courts for the Middle and Southern Districts of Florida, the Southern and Western Districts of Texas, and the District of Colorado.

11. **April L. Walter:** Ms. Walter graduated ranked #1 in her law school class of 1996 from Loyola Law School in Los Angeles, California. She became licensed to practice in California in 1996, and practiced as an employment defense and business litigation attorney for approximately ten years with the oldest and largest law firm in Orange County, California, Rutan & Tucker, LLP. She was licensed to practice in Texas in 2006, and is admitted to practice in and a member in good standing of the U.S. District Courts for Colorado and the Southern, Northern, Eastern, and Western Districts of Texas. She has also been admitted to practice in the U.S. District Courts for the Central, Eastern, and Southern Districts of California. Ms. Walter was employed by my firm from January 2007 until June 2018. Ms. Walter also worked (from the cases' inceptions) on the large FLSA collective actions discussed above.

12. **Megan M. Mitchell:** Ms. Mitchell graduated in May 2013 from Baylor School of Law. She became licensed to practice in Texas in November 2013, and was employed with my firm as an associate from May 2013 until July 2018. Prior to obtaining her license, Ms. Mitchell worked in my firm throughout high school, college and law school. While an associate in my firm, Ms. Mitchell has worked on several seven figure FLSA collective action cases. She is admitted to practice in and a member in good standing of the U.S. District Courts for Colorado and the Southern and Western Districts of Texas.

13. **Melissa Crain:** Ms. Crain is an active member of the State Bar of Texas Paralegal Division. Ms. Crain received her Associates Degree in 2010 and her Advanced Paralegal Certificate in 2011, both from Lonestar College in Houston, Texas. She has been employed as a paralegal with my firm since October 2013 where she has served as the primary paralegal on multiple FLSA collective actions (including several of those described below). Prior to joining my firm, Ms. Crain was employed with The Bolton Law Firm in Tomball, Texas, where she served in a similar litigation role.

3

## *LOCKWOOD* CASE PROCEDURAL HISTORY:

14. My firm commenced work on this case in January 2016, when we were first contacted by one of the eventual Plaintiffs about the prospect of pursuing FLSA claims for unpaid overtime wages, liquidated damages, attorneys' fees and costs against Defendants.

15. In recent years, my firm has prosecuted several FLSA collective actions against several businesses who staff workers providing claims adjusting-related services to insurance companies and corporations processing third- and first-party loss claims, including Worley (two collective actions), Wardlaw (two collective actions), DataBank (one collective action), Crawford (three collective actions), Prime (one collective action), American Strategic Insurance (one collective action) and Eberl's (nearly 150 individual arbitrations).

16. In the two-year plus period since my firm first commenced work on this case, the professional services provided by my firm to the present have included (among other things):

    A. Investigating facts and legal causes of action;

    B. In-person meetings, e-mails, text messages, faxes/letters and telephone conversations with more than seventy Plaintiffs and other potential clients/witnesses;

    C. Preparing Plaintiffs' Individual and Collective Action Complaint Under the Fair Labor Standards Act and Demand for a Jury Trial filed July 29, 2016 (Doc. 1);

    D. Preparing Plaintiffs' Certificate of Interested Persons and Corporate Disclosure Statement filed August 18, 2016 (Doc. 20) and Plaintiffs' First Supplemental Certificate of Interested Persons and Corporate Disclosure Statement filed June 15, 2017 (Doc. 87);

    E. Reviewing Defendants' Certificate of Interested Parties and Corporate Disclosure Statement filed September 12, 2016 (Doc. 31);

    F. Reviewing Defendants' Answer to Plaintiff's Original Complaint filed August 29, 2016 (Doc. 23);

    G. Preparing Plaintiff's Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b) and Supporting Memorandum of Law filed August 31, 2016 (Doc. 26);

    H. Reviewing Defendants' Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b) filed on September 2, 2016 (Doc. 29);

    I. Reviewing Defendants' Response in Opposition to Plaintiffs' Motion for Conditional Class Certification and Memorandum of Law filed on September 23, 2016 and September 27, 2016 (Docs. 39 & 40);

J. Preparing Plaintiffs' Unopposed Motion for Leave to File Reply to Defendants' Response in Opposition to Plaintiff's Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b) filed on October 3, 2016 (Doc. 42);

K. Preparing Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion for Conditional Class Certification filed on October 18, 2018 (Doc. 47);

L. Preparing and Conferring with Defendants regarding the Joint Proposed Notice of Law Suit to Class filed on October 13, 2017 (*see* Doc. 98, Plaintiffs' Proposed Notice of Lawsuit to Class; Doc. 99, Order Directing the Parties to File a Joint Proposed Notice of Lawsuit to the Class; Doc 100, Joint Proposed Notice of Lawsuit to Class; and Doc. 101, Endorsed Order Granting the Joint Proposed Notice of Lawsuit to Class);

M. Preparing the original eleven Plaintiffs' Responses to the Court-ordered Interrogatories for FLSA cases (*see* Doc. 5, FLSA Scheduling Order): Doc. 32 (G. Lockwood); Doc. 33 (G. Valdivia); Doc. 34 (R. Valdivia); Doc. 35 (D. Martin); Doc. 36 (J. Malta); Doc. 37 (P. Bowe); Doc. 38 (J. Valdivia); Doc. 50 (L. Nichols-Lewis); Doc. 51 (G. Hale); Doc. 52 (R. Hale); Doc. 71 (C. Therrien);

N. Reviewing Defendants' Verified Summary of Hours Worked for nine of the original Plaintiffs filed on October 13, 2016 and January 12, 2017 (Docs. 45 and 67);

O. Preparing Supplemental Responses to the Court-ordered Interrogatories for FLSA cases for nine of the original Plaintiffs filed on December 13, 2016 (*see* Doc. 5, FLSA Scheduling Order): Doc. 57 (D. Martin); Doc. 58 (G. Lockwood); Doc. 59, (G. Valdivia); Doc. 60 (G. Hale); Doc. 61 (J. Malta), Doc. 62 (J. Valdivia); Doc. 63 (L. Nichols-Lewis); Doc. 64 (P. Bowe); Doc. 65 (R. Valdivia);

P. Conferring with Defendants in-person in Fairfield, Texas regarding settlement and the Case Management Report required by the FLSA Scheduling Order (*see* Doc. 5, FLSA Scheduling Order);

Q. Preparing Joint Reports Regarding Settlement Conference (*see* Doc. 54, Joint Report Regarding Settlement filed on November 21, 2016 and Doc. 73, Second Joint Report Regarding Settlement filed on February 21, 2017;

R. Preparing the Case Management Report filed on March 21, 2017 (Doc. 78);

S. Preparing Plaintiffs' Motion to Toll Statute of Limitations for FLSA Class Members filed on July 14, 2017 (Doc. 92) and reviewing Defendants' Response filed on July 28, 2017 (Doc. 94);

T. Preparing the Parties' Joint Motion to Extend Discovery and Case Management Deadlines filed on November 9, 2017 (Doc. 114);

U.     Preparing Plaintiffs' Motion to Compel Interrogatory Answer, Request for Sanctions and Request for Expedited Submission and Ruling filed on January 11, 2018 (Doc 163) and reviewing Defendants' Response filed on January 18, 2018 (Doc. 168);

V.     Preparing for and attending in-person the motion hearing in Jacksonville, Florida regarding Plaintiffs' Motion to Compel Interrogatory Answer, Request for Sanctions and Request for Expedited Submission and Ruling (*see* Doc. 165, Order Setting Oral Arguments and Doc. 170, Minute Entry for Motion Hearing);

W.     Preparing Plaintiffs' Request for Status Conference and Court Guidance regarding proceeding with those individuals who worked after July 29, 2016 filed on January 17, 2018 (Doc. 167);

X.     Preparing Plaintiffs' Motion to Compel Discovery and Request for Expedited Submission and Ruling filed on March 23, 2018 (Doc. 176) and reviewing Defendants' Response filed on April 5, 2018 (Doc. 179);

Y.     Preparing for and attending the motion hearing regarding Plaintiffs' Motion to Compel Discovery and Request for Expedited Submission and Ruling (*see* Doc. 178, Order Setting Oral Arguments and Doc. 180, Minute Entry for Motion Hearing);

Z.     Preparing the Joint Request for Status Conference and to Amend the Case Management and Scheduling Order filed on March 26, 2016 (Doc. 177);

AA.     Preparing for and attending Mediation with Defendants in Jacksonville, Florida on May 2, 2018 (*see* Doc. 187, Mediation Report filed on May 4, 2018);

BB.     Preparing Plaintiffs' Motion for Partial Summary Judgment on Issues of: (1) Plaintiffs' Employee Status; (2) Defendant's Exemption Defenses (No Salary Basis) (3) Defendants' "Good Faith" Defense to Liquidated Damages; *and* (4) Willfulness of Defendants' FLSA Violations filed on May 11, 2018 (Doc. 190);

CC.     Reviewing Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment and Incorporated Memorandum of Law filed on June 11, 2018 (Doc. 198) and preparing Plaintiffs' Reply (Doc. 205);

DD.     Producing nearly 7,200 pages of documentary evidence provided by Plaintiffs or discovered through my firm's investigation of Defendants (including Bates Lockwood 1-7,145);

EE.     Processing nearly 21,000 pages of documentary evidence produced by Defendants for more than seventy Plaintiffs (including Bates CIS 1-20,851);

FF.     Preparing detailed Excel spreadsheets of damage calculations for more than seventy Plaintiffs based on payroll records produced by Defendants in discovery and analyzing different models/formulas for calculating the unpaid overtime;

GG. Preparing Plaintiffs' Initial Disclosures served April 20 2017; Plaintiffs' First Supplemental Initial Disclosures served January 26, 2018 and Plaintiffs' Second Supplemental Initial Disclosures served March 6, 2016;

HH. Reviewing Defendants' Initial Disclosures served on April 20, 2017;

II. Preparing Discovery Requests to propound on each Defendant: Plaintiffs' First Set of Interrogatories and Requests for Production to each Defendant served on May 22, 2017; Plaintiffs' Second Set on Interrogatories to each Defendant served on November 9, 2017; Plaintiffs' Second Set of Requests for Production to each Defendant served on February 21, 2018; and Plaintiffs' Third Set of Interrogatories to each Defendant served on February 21, 2018;

JJ. Reviewing Defendants' Discovery Responses to Plaintiffs' Discovery Requests: Defendants' Objections and Answers to Plaintiffs' First Set of Interrogatories served June 21, 2017; Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production served June 21, 2017; Defendants' Objections and Answers to Plaintiffs' Second Set of Interrogatories served January 18, 2018; Defendants' Objections and Responses to Plaintiffs' Second Set of Requests for Production served on March 22, 2018; Defendants' Objections and Answers to Plaintiffs' Third Set of Interrogatories served March 22, 2018; Defendants' First Amended Objections and Answers to Plaintiffs' First Set of Interrogatories served April 5, 2018;

KK. Preparing correspondence and conferring with Defendants' counsel regarding Defendants' insufficient discovery responses;

LL. Answering Discovery Requests propounded on Plaintiffs: Plaintiffs' Objections and Responses to Defendants' First Set of Requests for Admissions to the original ten Plaintiffs served on July 24, 2017; Plaintiffs' Objections, Assertions of Privilege and Responses to Defendants' First Set of Requests for Production to the original ten Plaintiffs served on July 24, 2017; Plaintiffs' Responses to Defendants' First Set of Interrogatories to each of the original ten Plaintiffs, all served on July 24, 2017; Plaintiffs' Objections and Responses to Defendants' First Set of Requests for Admissions to fifty-eight Opt-In Plaintiffs served on January 29. 2018; Plaintiffs' Objections, Assertions of Privilege and Responses to Defendants' First Set of Requests for Production to fifty-eight Opt-in Plaintiffs served on January 29, 2017; Plaintiffs' Objections, Assertions of Privilege and Responses to Defendants' First Set of Interrogatories to fifty-eight Opt-in Plaintiffs, all served on January 29, 2018; Plaintiffs' First Amended Plaintiffs' Objections, Assertions of Privilege and Responses to Defendants' First Set of Requests for Production served on February 2, 2018; Plaintiffs' Objections, Assertions of Privilege and Response to Defendants' Second Set of Interrogatories to sixty-nine Plaintiffs (both original Plaintiffs and Opt-in Plaintiffs) served on February 12, 2018;

MM. Preparing Plaintiffs' Expert Witness Disclosures served on August 10, 2017;

NN. Reviewing Defendants' Disclosure and Designation to Expert Witnesses served on September 21, 2017;

OO. Preparing for and attending the depositions of:

    i. Gerald Salas held in Southlake, Texas on January 31, 2018;

    ii. Michael Stanley held in Southlake, Texas on January 30, 2018;

    iii. Juliano Valdivia held in Jacksonville, Florida on April 26, 2018

    iv. Iatrice Edwards held in Jacksonville, Florida on April 26, 2018;

    v. Gail Lockwood held in Jacksonville, Florida on April 27, 2018;

    vi. Shandra McNeese held in Jacksonville, Florida on April 27, 2018; and

    vii. David Rollins held in Southlake, Texas on May 30, 2018;

PP. Preparing the Notice of Related Case of *Edwards, et al. v. et al. v. CIS Services, LLC, et al..*, Civil Action No. 3-18-cv-637-MMH-JRK, in the U.S. District Court, Middle District of Florida, Jacksonville Division file don May 16, 2018 (Doc. 193);

QQ. Preparing Plaintiffs' Motions in Limine filed on September 5, 2018 (Doc. 211);

RR. Preparing the Joint Pretrial Statement and conferring with Defendants' Counsel regarding same;

SS. Preparing Plaintiffs' Pre-Trial filings, including Memorandums of Law and Exhibit Lists;

TT. Preparing for trial, including preparing witnesses, evidentiary summaries and trial exhibits;

UU. Preparing the Joint Notice Regarding Participation in a Settlement Conference Before Magistrate Barksdale filed on September 7, 2018 (Doc. 212);

VV. Preparing Stipulations of Voluntary Dismissal of Action for individual Plaintiffs: Docs. 56 and 70 (R. Hale); Doc. 200 (J. Washington); Doc. 201 (M. Plair); Doc. 206 (J. Davis); Doc. 215 (T. Ellis, M. Powers, D. Tappin, L. Gaona, A. Hamilton, M. Kindall, R. Saunders, A. Antoine, B. Mayes, W. Lacy, K. Plochl-Schulz, G. Scott, and T. McLeod);

WW. Preparing and conferring with Defendants' counsel regarding the proposed settlement agreement;

XX. Preparing Plaintiffs' (Partially Opposed) Motion for Approval of Attorneys' Fees, Litigation Expenses, and Costs;

YY. Legal research regarding disputed issues; and

ZZ. Additional telephone calls, conferences, letters and e-mails between counsel for the parties. I estimate more than 3,000 emails were exchanged in the prosecution of this case.

**ARMS-LENGTH SETTLEMENT NEGOTIATIONS:**

17. Counsel participated in several in-person and telephone conferences, as well as exchanged numerous e-mails and written communications related to settlement before reaching a settlement agreement.

18. My firm repeatedly reached out to Defendants concerning settlement in order to try to continue discussions about an informal resolution, including, but not limited to, in or about December 2016, February 2017, January 2018, April 2018, May 2018, June 2018, and September 2018.

19. The parties ultimately reached a settlement on September 11, 2018. The settlement is a product of arms-length negotiations without collusion.

**SETTLEMENT RESULTS:**

20. The overtime settlement amounts negotiated for the Plaintiffs represent 200% of the unpaid overtime (i.e., the settlement amount accounts for 100% payment of the unpaid overtime plus 100% of liquidated damages) for the full three-year period at issue. Thus Plaintiffs are fully compensated under the settlement for all overtime hours worked for Defendants between July 29, 2013 and July 29, 2016.

21. Under the negotiated settlement, the *average* individual settlement payment (*net of requested fees and costs*) will be approximately $8,154.55, with a median settlement amount of $5,938.94.

22. The Parties have agreed that Class Counsel is entitled to reimbursement of reasonable attorneys' fees and costs under the FLSA in an amount to be awarded at the discretion of the Court.

23. The amount of attorneys' fees to be awarded Class Counsel is a separately negotiated term (to submit such matters to the Court and not an amount agreed upon by the Parties as a part of the settlement) which shall not affect the settlement proceeds paid to Plaintiffs.

**THE CONTINGENCY REPRESENTATION AGREEMENTS WITH PLAINTIFFS:**

24. The Representation Agreements between Plaintiffs and my firm are contingency fee agreements. Under the Representation Agreement, my firm would have received a forty percent (40%) interest in any and all sums recovered against Defendants. *See* Ex. 1.

25. Thus, when we first undertook these claims, we expected to recover at least 40% as attorneys' fees of any recovery. This expectation was based on the size and complexity of the case and the range of fee awards in comparable cases. Indeed, the firm's standard client agreements typically provide for contingent fees of 40% in FLSA litigation matters.

26. The Plaintiffs would also be responsible for reimbursing my firm for all costs and expenses that we have <u>advanced</u> on their behalf in the prosecution of their claims against Defendants, and these amounts would be paid out of the net recovery to them after deduction of our attorneys' fees. When these claims were taken on a contingent fee basis, with the firm advancing all litigation costs, the ultimate result was far from certain.

27. In the course of this litigation, my firm has advanced approximately $29,356.19 in out-of-pocket costs and expenses to date.

28. My firm contacted several Plaintiffs' employment lawyers in the Jacksonville area with FLSA and collective action experience regarding a local counsel arrangement. Each declined for various reasons. Plaintiffs incurred litigation expenses for travel to/from and lodging in Jacksonville (for depositions and hearings) and Southlake, Texas (for depositions of named Defendant Michael Stanley and other CIS corporate officers).

29. My firm has received no compensation during the course of this litigation (as well as pledging to advance substantial additional expenses to further prosecute this case as a collective action) on behalf of the Plaintiffs, none of which would have been recovered if the case had not been successfully concluded. From the time my firm first took on this matter, there existed a real possibility that we would achieve no recovery for Plaintiffs and hence no compensation and no reimbursement of out-of-pocket expenses. My firm's investment of time and expenses has always been at great risk and wholly contingent on the result we achieved for Plaintiffs. Although we have successfully concluded the litigation via the negotiated settlement, this result was not foreseeable at the outset.

**BILLING RATES:**

30. My time as lead counsel (currently in my 25th year of practicing law; J.D., 1993) has been billed on this matter at the rate of $425 to $475 per hour.[1]

31. Ms. Karns' time (currently in her 16th year of practicing law; J.D. 2002) was billed at the rate of $325 to $340 per hour.

32. Ms. Walter's time (currently in her 22nd year of practicing law; J.D. 1996) was billed at the rate of $400 to $450 per hour.

33. Ms. Mitchell's time (currently in her 5th year of practicing law and 13th year working for my firm; J.D. 2013) was billed at the rate of $275 to $300 per hour.

---

[1] As per our client agreement with Plaintiffs, the attorney fee rates charged by my firm are subject to adjustment from time-to-time. *See* Ex. 1. Following a periodic review of rates in each of 2016, 2017 and 2018, some attorneys' fee rates increased.

34. We also had three associate attorneys (Matthew Yezierski, Mical Whiteman, and Brandi Addison) and a law clerk (Savannah Warner) who worked on some research projects for this case at billing rates of $130 to $325 per hour. Exercising billing judgment, we are writing this time off (for a total of $21,600) and not seeking to include its value in our lodestar.

35. Paralegal Melissa Crain performed work on this case at a billing rate of $130 per hour.

36. We have routinely collected our designated rates (or greater) that have been billed for this matter on other matters.

37. The following tables set forth the regular billable hourly rate for each attorney and paralegal who worked on this matter, the hours worked, and the fees that would have been charged if this matter had been litigated at an hourly rate:

| Name | Rate Per Hour | Time (Hours) | Amount |
|---|---|---|---|
| Michael A. Starzyk | $475 | 120.50 | $57,237.50 |
| | $450 | 13.50 | $6,075.00 |
| | $425 | 15.50 | $6,587.50 |
| April L. Walter | $450 | 171 | $76,950.00 |
| | $425 | 2 | $850.00 |
| | $400 | 12 | $4800.00 |
| Amber L. Karns | $340 | 371.75 | $125,395.00 |
| | $325 | 189.00 | $61,425.00 |
| Megan M. Mitchell | $300 | 196.00 | $58,800.00 |
| | $275 | 10.75 | $2,956.25 |
| Melissa Crain | $130 | 405.90 | $52,767.00 |
| Mical Whiteman | $200 | 24.25 | No Charge |
| Matthew Yezierski | $325 | 25.00 | No Charge |
| Brandi Addison | $200 | 35.00 | No Charge |
| Savannah Warner | $130 | 21.50 | No Charge |
| **Totals** | | | |
| Fee Request | | | $454,843.25 |
| Fee to Recovery Ratio | | | .99 |

**DEFENDANTS' COUNSEL:**

38. Defendants are represented by two law firms, (1) Shutts & Bowen LLP (www.shutts.com), and (2) Flynn, Francis & Clark, L.L.P. (www.ffctxlaw.com).

39. According to its website, Shutts & Bowen LLP is a "full service law firm" that is over 100 years old and currently has approximately 280 attorneys. The firm's website also represents that "With more than 30 practice areas, Shutts & Bowen offers a complete range of legal services to our local, state, national and international clients. Experienced attorneys are

11

available to provide counsel to clients in a broad range of areas." Among the firm's "30 distinct practice areas" is employment law.

40. According to its website, Flynn, Francis & Clark, L.L.P. is a "full service law firm located in Southlake, Texas, engaged in the general practice of law." The firm's website also represents that "Our attorneys are experienced in such diverse matters as corporate and business law, real estate, estate planning, banking, labor and employment law, commercial and contract law, and civil litigation."

**BILLING JUDGMENT AND FEES AND EXPENSES TO DATE:**

41. I have reviewed all of the billing entries for this matter and exercised billing judgment to write off any time I found to be unproductive, excessive, or redundant. I also reduced the requested fees by 110.75 hours or approximately $21,600 in fees for worked performed by junior associates and law clerks.

42. I also reviewed the advances costs and expenses for this matter and exercised billing judgment, reducing the requested reimbursement by $3,332.74.

43. To date, Plaintiffs have incurred over $454,843.25 in attorneys' fees for over 1,500 hours prosecuting their claims against Defendants, all of which fees are reasonable and necessary. The fees incurred are customary for these types of services.

44. Attached as **Exhibit 4** to the Motion are true and correct copies of my firm's detailed billing statements in this matter.

45. In my experience and opinion running a firm representing individuals in employment law matters, including predominantly over the past eleven years on FLSA matters on behalf of individuals, it is reasonable and customary in such matters for the attorneys' fees to be based on a contingency agreement or an hourly rate if submitted to the Court for approval, plus recoverable costs. It is my opinion that the fees my firm has charged and expenses incurred are reasonable for the services performed, and that the fees charged and expenses incurred were necessary and customarily charged and incurred for cases of this type and nature.

46. Attached as **Exhibit 10** to the Motion are true and correct copies of my firm's detailed costs and expenses in this matter.

47. I also have researched attorney billing rate surveys and decisions to ensure the fees charged by my firm are reasonable (and even arguably on the low-side for attorneys who focus their practice on FLSA cases), *see*:

   A. **Exhibit 5**, relevant excerpts from the Florida Bar's 2017 publication of *Results of the 2016 Economics and Law Office Management Survey* on attorney and paralegal billing rates and fee arrangements;

   B. **Exhibit 6**, Hourly Billing Rates Survey for 2015, published by *TEXAS LAWYER*;

12

    C.    **Exhibit 7**, Frank Strong, *What are the going law firm billing rates by practice area?*, LEXISNEXIS BUSINESS OF LAW BLOG, June 3, 2015;

    D.    **Exhibit 8**, excerpts of the 2011 Edition of *The Survey of Law Firm Economics* conducted and published by The National Law Journal and ALM Legal Intelligence (within the litigation specialty of Employment law in 2011, partner-level rates averaged $374 across the nation, with an upper quartile rate of $430, and associate rates averaged $273 with an upper quartile of $318);

    E.    **Exhibit 9**, excerpts of the 2010 NLJ Billing Survey, ALM Legal Intelligence;

    F.    *Alonso v. Ocean CC, LLC*, 2017 U.S. Dist. LEXIS 46661, *10-11 (S.D. Fla. Mar. 28, 2017) (approving $450 per hour billing rate based on attorney's affidavit concerning his experience and the court's own familiarity with FLSA litigation and attorney's fees in general and awarding approximately $44,000 in fees on plaintiffs' motion for entry of default judgment);

    G.    *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007) (approving $450 per hour billing rate in FLSA fee award based on counsel's years of practice, specialized experience in labor and employment issues, and the court's independent judgment); and

    H.    *Carruega v. Steve's Painting, Inc.*, 2017 U.S. Dist. LEXIS 124535, at *8 (M.D. Fla. Aug. 7, 2017) (approving $500 per hour billing rate to plaintiff's counsel and moving party in granting motion to compel discovery in FLSA collective action).

**LOST OPPORTUNITY COSTS:**

48.    My firm typically receives five to ten new business opportunities <u>per week</u> from individuals and businesses seeking to pursue or needing to defend employment-related claims. These inquiries are extensively screened either by me, one of our attorneys, paralegals or law clerks. Because my firm is not a large one, we have to be cautious in accepting new engagements to avoid over-extending our workloads. Since first starting work on this case over two years ago, my firm has been unable to pursue numerous cases because our attorney resources were already assigned to this individual and collective action."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on October 24, 2018.

*/s/ Michael A. Starzyk*
Michael A. Starzyk

13